UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMP TREE SERVICE, INC., | ) | CV 14-1556 RSWL (RZx) |
| Plaintiff, | ) | **ORDER re: GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT** [25] |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

    Before the Court is Defendant United States of America's ("Defendant" or "the Government") Motion for Summary Judgment [25]. Plaintiff Amp Tree Service, Inc. ("Plaintiff" or "Amp") has not filed an Opposition to this Motion. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

    The Court **GRANTS** Defendant's Motion for Summary Judgment.

## I. FACTUAL HISTORY

Plaintiff is a California corporation located in Upland, California. Compl. ¶ 1. The Internal Revenue Service (IRS) audited Plaintiff's tax returns for the years 2005 and 2006 and found a deficiency in the amount of taxes Plaintiff owed for those years, primarily resulting from claimed but unverified expenses Plaintiff had deducted. Id. ¶¶ 6, 8. Accordingly, the IRS issued Plaintiff a statutory Notice of Deficiency establishing its tax liability and applicable penalties. Id. ¶ 9. Plaintiff made partial payments of $42,382.20, $160,000, and $98,000. Mot. Ex. B at 6-7. The IRS also assessed an additional penalty and accrued interest on these liabilities. Id.

Plaintiff subsequently filed amended income tax returns in order to obtain refunds of its payments. Compl. ¶ 10. The IRS denied Plaintiff's administrative claim and Plaintiff filed the instant Action.

## II. DISCUSSION

**A. Legal Standard**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying

facts, must be viewed in a light most favorable to the opposing party. Diaz v. American Tel. & Tel., 752 F.2d 1356, 1358 n.1 (9th Cir. 1985).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324. Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (citing Marks v. Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978)). A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [opposing party] on the evidence presented." Anderson, 477 U.S. at 255. In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. Id.

**B. Analysis**

    1. Lack of Opposition

Plaintiff has not filed an opposition to the

3

Government's Motion for Summary Judgment, nor has it filed any document since the filing of its Complaint (excluding Plaintiff's Attorney's Motion to Withdraw). Plaintiff also failed to appear at its duly noticed deposition.  <u>See</u> Dkt. No. 24, Notice of Non-appearance.

Under Local Rule 7-12, "the failure to file any required document . . . may be deemed consent to the granting or denial of the motion." C.D. Ca. R. 7-12. Accordingly, the Government's Motion is **GRANTED** on these grounds.

<u>2. Merits</u>

In addition to the procedural basis for granting the Government's Motion, the Motion is granted on substantive grounds.

"It is well established in the tax law that an assessment is entitled to a legal presumption of correctness." <u>United States v. Fior D'Italia, Inc.</u>, 536 U.S. 238, 242 (2002). Thus, the taxpayer has "the burden of proving that a tax deficiency assessment is erroneous." <u>Hostar Marine Transp. Sys., Inc. v. United States</u>, 592 F.3d 202, 208 (1st Cir. 2010). Thus, "the ultimate question in a suit for refund is not whether the Government was wrong, but whether the plaintiff can establish that taxes were overpaid." <u>Compton v. United States</u>, 334 F.2d 212, 216 (4th Cir. 1964).

Notwithstanding the fact that Plaintiff has failed to respond to this Motion, and thus has failed to meet its burden, Plaintiff has not produced evidence that

4

the tax deductions it claimed were in fact deductible business expenses. See generally Compl. The IRS assessed taxes, penalties, and interest based on its determination that Plaintiff's deductions were improper. When the legitimacy of a deduction is at issue, a taxpayer has the burden of proving that he is entitled to the deduction. Everson v. United States, 108 F.3d 234, 236 (9th Cir. 1997). Where, as here, the IRS determined that the deductions were improper, Plaintiff must prove that the IRS was incorrect in its assessment. Plaintiff has not done so. Here, the Government has met its burden for summary judgment by showing an "absence of evidence" to support Plaintiff's case. See Celotex, 477 U.S. at 325. Accordingly, the Government is entitled to judgment as a matter of law per Federal Rule 56(a).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATED: June 22, 2015

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

5